## Case No. 15,585.

### UNITED STATES v. LEE.

[2 Cranch, C. C. 462.] 1

Circuit Court, District of Columbia. April Term, 1824.

RECEIVER OF PUBLIC MONEY—WHO IS.

A public officer who receives money in advance for the contingencies of his office, is a receiver of public money, within the meaning of the act of congress of the 3d of March, 1797 [1 Stat. 512].

This was a suit against the defendant [R. B. Lee], who was commissioner of claims under the act of congress of the 9th of April, 1816, § 11 (3 Stat. 261).

Mr. Swann, for the United States, offered two accounts settled and certified by the proper officers of the treasury department, according to the act of the 3d of March, 1797.

Mr. Jones, for defendant, objected, because, as he contended, the defendant was not a receiver of public money within the meaning of that act.

---

## Case No. 15,586.

### UNITED STATES v. LEE.

[4 Cranch, C. C. 446.] 1

Circuit Court, District of Columbia. March Term, 1834.

CRIMINAL LAW—VARIANCE—PROMISSORY NOTE—BAR—WITNESS—BELIEF IN GOD.

1. A note at sixty days with interest, will not be admitted in evidence to support an averment of a note at sixty days without interest.

2. A man who does not believe in the existence of a God, other than Nature, nor in a future state of existence, is not a competent witness.

3. Quære, whether a promissory note found in the hands of the maker, with two blank indorsements, can be considered as the property of the maker, and whether it be of any value to him?

4. If the note was in the pocket-book of the maker of the note at the time the defendant stole the pocket-book, a conviction of stealing the pocket-book is a bar to a subsequent indictment for stealing the note.

Indictment [against John Lee] for stealing a pocket-book, of the value of seventy-five cents, and a promissory note for $200, at sixty days, made by William Emmons, payable to Colonel Ambrose H. Sevier, and indorsed by him and F. E. Plummer, in blank, of the promissory notes and of the goods and chattels of one William Emmons.

The United States attorney called William Emmons as a witness.

Mr. Bryce, for the defendant, objected to the witness on account of his religious opinions, and proposed to examine him on the voir dire, and cited 2 Russ. 590; Jackson v. Gridley, 18 Johns. 99; Norris, Peake, Ev. 261; and Hunscom v. Hunscom, 15 Mass. 184.

THE COURT, however, inclined to refuse to examine the witness on the voir dire, and the counsel for the defendant did not press it; and Mr. Bryce himself was sworn and testified, that in conversation with Mr. Emmons, some weeks ago, in answer to a question, he said that he did not believe in the existence of a God or of a future state of rewards and punishments.

Mr. Emmons was permitted, at his own request, to explain his belief. He said he believed Nature to be God, and God to be

---

1 [Reported by Hon. William Cranch, Chief Judge.]

1 [Reported by Hon. William Cranch, Chief Judge.]

Nature, and that in him we live and move and have our being. That he did not think himself more bound to speak the truth by being sworn on the Bible, than on any other book. That when a man died, he died like a tree, and was resolved into his original elements, and that intelligence was the consequence, and not the cause, of organization.

THE COURT (CRANCH, Chief Judge, and THRUSTON, Circuit Judge, doubting) rejected the witness, and did not suffer him to be sworn.

Mr. W. S. Brent, for the defendant, objected to giving the note in evidence because it is for $200 at sixty days with interest, and the note is described in the indictment as a note for $200 at sixty days without interest; and because there is no evidence that it is the property of Emmons. It is indorsed by Colonel Sevier and Mr. Plummer in blank, so that it appears to be the property of Plummer or his indorsee, not of Emmons the maker of the note.

Mr. Key, U. S. Atty., contra. The description is true as far as it goes. It is a note for $200. It is valuable to Emmons as a letter of credit; and because he could raise money upon it.

THE COURT (THRUSTON, Circuit Judge, contra) refused to let the note go in evidence, it not being such a note as is described in the indictment.

MORSELL, Circuit Judge, was also of opinion, that it was not a promissory note because never uttered or delivered, and remaining in the hands of the maker.

THRUSTON, Circuit Judge, was of opinion that it was a promissory note within the penitentiary law, and was valuable to the maker because he could raise money upon it, for sixty days; and that it was also valuable to the thief, who might have sold it. He also thought that the note offered in evidence, namely, at sixty days with interest, supported the averment of a note at sixty days without interest; as if the averment had been of a cow: and the cow stolen had been a red cow; the proof of stealing a red cow would have supported the averment of stealing a cow.

CRANCH, Chief Judge, was of opinion that a note for $200 at sixty days with interest, did not support the averment of a note for $200 at sixty days without interest.

Verdict, guilty of stealing the pocket-book only; and not guilty of stealing the note.

The grand jury, afterwards at the same term found another indictment for stealing the note, upon the trial of which—

THE COURT (nem. con.) at the prayer of the defendant's counsel (Mr. W. L. Brent), instructed the jury that if, from the evidence, they should find that the note was in the pocket-book when it was stolen by the defendant, and that he has been convicted of stealing the pocket-book, they ought to find their verdict for the defendant; which they did.

## Case No. 15,587.

### UNITED STATES v. LEE.